UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS R. DICKEY,

    Plaintiff,

v.

CHARTER TOWNSHIP OF CANTON,
et al.,

    Defendants.
_____/

Case No. 16-10118

Honorable Nancy G. Edmunds

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
JULY 24, 2017 REPORT AND RECOMMENDATION [52]**

In a report and recommendation ("R & R") issued on July 24, 2017, Magistrate Judge David R. Grand has recommended that the Court (i) deny the motion for summary judgment filed by *pro se* Plaintiff Thaddeus R. Dickey, and (ii) grant Defendants' motion for summary judgment. Plaintiff filed objections to the R & R on July 31, 2017. For the reasons that follow, the Court overrules Plaintiff's objections and adopts the R & R in its entirety.

Although Plaintiff has not clearly delineated his specific points of disagreement with the Magistrate Judge's analysis, he appears to advance three objections to the R & R. First, Plaintiff contends that the Magistrate Judge unduly discounted statements in his affidavit purportedly demonstrating (i) that he did not engage in conduct that would support charges of loitering or soliciting, and (ii) that one of the defendant law enforcement officers, Officer Kuznicki, engaged in racial profiling. Yet, as explained in the R & R, the lawfulness of Plaintiff's arrest does not turn upon whether he was actually guilty of loitering or

soliciting, but upon whether the arresting officer, Defendant Champagne, could reasonably have concluded from the facts known to him at the time that there was probable cause to arrest Plaintiff for these offenses. *See* R & R at 14; *see also Criss v. City of Kent,* 867 F.2d 259, 263 (6th Cir. 1988) (explaining that a police officer "is under no obligation to give any credence to a suspect's story[,] nor should a plausible explanation in any sense require the officer to for[]go arrest pending further investigation if the facts as initially discovered provide probable cause"). Likewise, to the extent that Plaintiff asserts in his affidavit, or has claimed elsewhere in the record, that Officer Kuznicki singled him out for mistreatment because he is black, the Magistrate Judge correctly observed that conclusory assertions of racial profiling do not provide a sufficient evidentiary basis for a Fourteenth Amendment claim of disparate treatment on account of race. *See* R & R at 19.

Plaintiff next protests that the Court denied his request for appointment of counsel. The Magistrate Judge thoroughly addressed this issue in an October 7, 2016 order, explaining that appointment of counsel in a civil case is warranted only in exceptional circumstances, and the Court finds no basis for disturbing the Magistrate Judge's finding that such circumstances are not presented here.

Finally, in the event that the Court adopts the Magistrate Judge's R & R, Plaintiff requests that the resulting dismissal of this case be without prejudice. Yet, Plaintiff was given an opportunity to pursue discovery in support of his claims, and the Magistrate Judge has determined — and the Court agrees — that Defendants are entitled to an award of summary judgment in their favor on each of Plaintiff's claims. Under these circumstances, dismissal with prejudice is warranted.

For these reasons, the Court OVERRULES Plaintiff's July 31, 2017 objections [53] and ADOPTS the Magistrate Judge's July 24, 2017 report and recommendation [52]. In accordance with these rulings, Plaintiff's April 4, 2017 motion for summary judgment [47] is DENIED, and Defendants' February 7, 2017 motion for summary judgment [42] is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager